Johnathan Greenway
Gator Law, P.C
2 North Central Avenue, Suite 1800
Phoenix, AZ 85004
Phone: (385) 324-5471
attorneys@gatorlawpc.com
Attorney for Plaintiff,
JACOB CONROY

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| JACOB CONROY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>LIEN ENFORCEMENT INC, a Florida Corporation,<br><br>*Defendant*. | Case No. '25CV2935 BTM BLM<br><br>COMPLAINT FOR:<br><br>1. The Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*;<br>2. California Vehicle Code § 22658;<br>3. CA Assembly Bill No. 2210 (2024); and<br>4. CA Rosenthal Act - Cal. Civ. Code § 1788 et seq.<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff Jacob Conroy ("Plaintiff") brings this Class Action Complaint against Defendant Lien Enforcement, Inc ("Defendant") to stop its practice of

collecting on illegal towing and storage fees in San Diego, California.

## PARTIES

2. Plaintiff is a natural person over the age of eighteen who resides in the city of Santee, county of San Diego, California and is otherwise *sui Jus*.

3. Defendant Lien Enforcement, Inc. is a corporation existing under the laws of the State of Florida whose primary place of business and corporate headquarters is located at PO BOX 43127, Jacksonville, Florida 32203. Lien Enforcement regularly collects on outstanding liens incurred in California and allegedly owed by California residents.

4. Upon information and belief, Defendant Lien Enforcement, at times, operates as an agent of tow companies like Road One San Diego and others, to collect on illegal and excessive charges.

## JURISDICTION

5. This Court has federal-question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Fair Debt Collections Protection Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"). This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because each of the alleged Classes consists of over 100 persons, there is minimal

diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

6. This Court has personal jurisdiction over Lien Enforcement, Inc and venue is proper in this District because Defendant solicits significant business in this District.

## COMMON ALLEGATIONS OF FACT

7. Defendant Lien Enforcement, Inc is a debt collection agency based in Jacksonville, Florida but doing business nationwide.

8. For the limited purposes of the claims brought by the proposed Class, Defendant regularly collects on deficiency debt incurred by residents of California when towing companies in California tow the residents' vehicles at the request of the respective local law enforcement, store the vehicles and sell the vehicles.

9. California Vehicle Code § 22658 limits the amount towing companies can charge to maximums set by local cities and municipalities.

10. Defendant regularly collects on behalf of towing companies on amounts that exceed the maximum amounts set by local municipalities.

11. In attempting to collect on fees that exceed the maximum limits set by local municipalities, Defendant violates California Vehicle Code § 22658 and the FDCPA.

## FACTS SPECIFIC TO PLAINTIFF

12. In or around August 2024, Plaintiff Jacob Conroy lent his car, a Kia Rio Cinco, to his brother.

13. Mr. Conroy was working full-time in the State of Arizona during that time and had no need for use of the car.

14. Unfortunately, Mr. Conroy's car broke down while his brother was using it in San Diego, CA.

15. Mr. Conroy's commitment to his work in Arizona completely barred him from recovering his vehicle before it was towed away by Road One on September 20, 2024.

16. Unclaimed, Road One sold Plaintiff's car at auction on December 3, 2024.

17. Nearly one year later, in June 2025 Mr. Conroy received a phone call From Defendant's representative seeking to collect on the deficiency balance owed after Mr. Conroy's car was sold at auction.

18. On that call, the representative attempted to collect on a debt allegedly owed after the car was sold.

19. During the phone call, Mr. Conroy asked for a breakdown of the amount Defendant was attempting to collect.

20. In response to the request, Defendant produced a validation letter dated June 16, 2025 claiming that Plaintiff owed $2,763.54 with interest. (See **Exhibit A** attached hereto).

21. According to the letter, the assigned charges of $2,763.00 consisted of $259.00 in tows, and charges of $45.00 per day for storage of the vehicle.

22. The charges of $45.00 day and $259.00 for the tow are excessive because they exceed the maximum allowed by San Diego of $41.00 per day.

23. According to California Vehicle Code § 22658(j)(1), towing and storage charges must not be excessive, and any party that places excessive towing and storage charges is civilly liable to the vehicle owner for four times the amount charged.

24. Further, in collecting on excessive fees, Defendant is attempting to collect on fees not allowed by contract or law, in violation of the FDCPA.

25. Through its incorporation of the FDCPA in the statute, California's Rosenthal Act also makes the collection of fees not allowed by law a violation of the Act.

## CLASS ALLEGATIONS

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class as defined as follows:

> **Class Definition:** All persons who (1) reside in California; (2) have received collection efforts from Defendant for towing or storage fees; (3) the towing was on the behest or at the request of law enforcement; and (4) the fees exceed the maximum amount allowed by the residents' local municipality.

27. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipate the need to amend the class definition following appropriate discovery.

28. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual

joinder is impracticable. On information and belief, Defendant has made unsolicited to thousands of consumers who fall into the definition of the Class. The exact number of members of the Class can be identified through Defendant's records.

29. **Typicality:** Plaintiff' claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class have sustained damages arising out of Defendant's uniform wrongful conduct.

30. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions. Plaintiff and their counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

31. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

(a) Whether Defendant attempted to collect on towing and storage fees that exceeds the maximum allowed by the city of San Diego

(b) Whether Defendant's conduct violated the FDCPA;

(c) Whether Defendant's conduct violated CA Rosenthal Act - Cal. Civ.

Code § 1788 et seq;

(d) Whether Defendant's conduct violated CA Rosenthal Act - Cal. Civ. Code § 1788 et seq**;**

(e) Whether Defendant's conduct violated California Vehicle Code § 22658; and

(f) Whether Defendant's conduct violated Assembly Bill No. 2210 (2023–2024 Reg. Sess.) (Cal. 2024)

32. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

33. **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class

could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## FIRST CLAIM FOR RELIEF

### Negligent Violation of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788
### (On Behalf of Plaintiff and the Class)

34. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35. Defendant's violations of the Rosenthal Fair Debt Collection Practices Act include, but are not limited to,

(A) Defendant violated Cal Civ Code § 1788 et seq. by attempting to collect fees not allowed by law.

## SECOND CLAIM FOR RELIEF

### Negligent Violation of the Federal Fair Debt Collection Practices Act

**15 USCS § 1692**
**(On Behalf of Plaintiff and the Class)**

36. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceeding paragraphs.

37. Defendant Lien Enforcement's violations of the FDCPA include, but are not limited to, the following:

(a) Defendant violated §1692(d)) of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

(b) Defendant violated §1692(e) of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection;

(c) Defendant violated §1692(f) of the FDCPA by attempting to collect on any expense incidental to the principal obligation without express authorization or legal permission and

(d) Defendant violated §1692(e)8 of the FDCPA by communicating to the three CRA Defendants credit information which it knew or should have known to be false.

## THIRD CLAIM FOR RELIEF

**Negligent Violation of the Omnibus Transportation Act of 1993**

**Cal Veh Code § 22658**

**(On Behalf of Plaintiff and the Class)**

38. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39. Defendant's violations of the California Vehicle Code include, but are not limited to, the following:

(A) Defendant violated Cal Veh Code § 22658 by placing excessive towing and storage charges against Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Conroy on behalf of himself and the class, prays for the following relief:

(A) An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class, and appointing their counsel as Class Counsel;

(B) An award of statutory damages in the amount of four times the excessive charges for tows and storage for each violation, all to be paid into a common fund for the benefit of the Plaintiff and the Class Members.

(C) An order declaring that Defendant's actions, as set out above, violate the California Vehicle Code;

(D) An order declaring that Defendant's actions, as set out above, violate the Rosenthal Fair Debt Collection Practices Act.

(E) An injunction requiring Defendant to reduce its towing and storage charges to nonexcessive limits compliant with California Law;

(F) An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

(G) An award of treble damages if willfulness is shown; and

(H) Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff request a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: 10/30/2025

**Jacob Conrad**, individually and on behalf of all others similarly situated,

By: /s/ *Johnathan Greenway*
Johnathan Greenway
Gator Law, P.C
2 North Central Avenue, Ste 1800
Phoenix, AZ 85004
P: (385) 324-5471
E: attorneys@gatorlawpc.com